# EXHIBIT "A"

WDP+R
6/23/2017
12:18 ~

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WALT DISNEY PARKS & RESORTS, U.S., INC., and DOES 1
through 10.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WILLIAM DE OLIVEIRA, individually and on behalf of other persons
similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**06/15/2017** at 12:04:28 PM
Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County Superior Court<br><br>751 W. Santa Ana Blvd<br>Santa Ana, Ca 92701 | CASE NUMBER:<br>*(Número del C...)*<br>30-2017-00926470-CU-OE-CXC<br><br>Judge Kim G. Dunning |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gregory N. Karasik, 11835 W. Olympic Blvd., Suite 1275, Los Angeles, CA; Tel. (310) 312-6800

| DATE: 06/15/2017<br>*(Fecha)* | DAVID H. YAMASAKI, Clerk of the Court<br>Clerk, by _____, Deputy<br>*(Secretario)*                              *(Adjunto)* |
|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Sarah Loose

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Walt Disney Parks & Resorts, U.S., Inc.

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1   Gregory N. Karasik (SBN 115834)
    **Karasik Law Firm**
2   11835 W. Olympic Blvd. Ste. 1275
    Los Angeles, CA 90064
3   Tel (310) 312-6800
    Fax (310) 943-2582
4   greg@karasiklawfirm.com

5   Emil Davtyan (SBN 299363)
    **Davtyan Professional Law Corporation**
6   21900 Burbank Blvd., Suite 300
    Woodland Hills, CA 91367
7   Tel (818) 992-2935
    Fax (818) 975-5525
8   emil@davtyanlaw.com

9   Attorneys for Plaintiff
    WILLIAM DE OLIVEIRA

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/15/2017** at 12:04:28 PM

Clerk of the Superior Court
By Sarah Loose, Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                             COUNTY OF ORANGE

| | |
|---|---|
| 12  WILLIAM DE OLIVEIRA, individually and on behalf of other persons similarly situated, | Case No.   30-2017-00926470-CU-OE-CXC |
| 13 | CLASS ACTION |
| 14            Plaintiff, | **COMPLAINT**   Judge Kim G. Dunning   CX104 |
| 15         vs. | 1.  Failure to Pay Minimum Wages |
| 16  WALT DISNEY PARKS & RESORTS, U.S., INC., and DOES 1 through 10. | 2.  Unfair Competition<br>3.  Failure to Provide Accurate Wage Statements |
| 17            Defendant. | 4.  Failure to Pay All Wages Owed Upon Termination<br>5.  Civil Penalties Under PAGA |
| 18 | |
| 19 | **DEMAND FOR JURY TRIAL** |
| 20 | |

21         Plaintiff William De Oliveira ("Plaintiff"), on behalf of himself and all others similarly situated,

22   complains and alleges as follows:

23                                  **INTRODUCTION**

24         1.     This class action lawsuit arises out of the failure of defendant Walt Disney Parks &

25   Resorts, U.S., Inc. ("Defendant") to pay non-exempt employees all the minimum wages owed to them.

26   Defendant fails to pay non-exempt employees all the minimum wages owed to them for two reasons.

27   First, Defendant engages in uneven rounding practices.  Second, non-exempt employees who are

28   required to wear uniforms or costumes are not paid for the time they are required to change into their

uniforms or costumes prior to the beginning of their shift.  Because Defendant does not pay non-exempt employees all the minimum wages owed to them, Defendant engages in unfair competition, Defendant fails to provide them with accurate wage statements, and Defendant fails to pay terminated non-exempt employees all the wages owed to them upon termination.   With respect to all of its violations of the Labor Code, Defendant is liable for civil penalties under the Private Attorney's General Act ("PAGA"), Labor Code Section 2698 et seq.   Defendant is liable for civil penalties under PAGA for the additional reason that the address of Defendant is not listed on wage statements.

2.      With respect to his class action claims, Plaintiff is a member of and seeks to be the class representative for the Rounding Class, the Dressing Time Class, the Restitution Class, the Wage Statement Class, and the Terminated Employees Class (collectively the "Class") defined in paragraph 11 below.  With respect to his claims under PAGA, Plaintiff, acting as a proxy for the State of California, seeks relief on behalf of similarly situated employees aggrieved by Defendant's unlawful practices ("Aggrieved Employees").

3.      Plaintiff seeks to recover unpaid wages, liquidated damages, restitution, civil penalties and statutory penalties to which Plaintiff and other class members are entitled under the Labor Code and/or Business & Professions Code Section 17203.

## JURISDICTION AND VENUE

4.      Venue is proper in this Judicial district and the County of Orange because work was performed by class members in the County of Orange and Defendant's legal obligations to class members under California law arose and were breached in the County of Orange.

5.      The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of California, Defendant is qualified to do business in California, and Defendant regularly conducts business in California.  Further, there is no federal question at issue as the claims herein are based solely on California law.

## THE PARTIES

Plaintiff

6.      Plaintiff worked for Defendant as a non-exempt employee in Anaheim, California for more than nine years until his employment with Defendant terminated on June 17, 2016.  Plaintiff

2

COMPLAINT

worked for Defendant as a security officer and was required by Defendant to wear a uniform provided by Defendant while on duty.  During his employment, Defendant calculated the number of hours worked by Plaintiff for payroll purposes by using an electronic rounding system that, because the rounding over time was uneven, resulted in Defendant paying Plaintiff wages for fewer hours than Plaintiff actually worked.  Defendant also failed to pay Plaintiff wages for the time he was required to spend, prior to the start of his shift, changing into his uniform.  As a result of failing to pay Plaintiff wages for all the hours worked by Plaintiff, Defendant failed to provide Plaintiff with accurate wage statements and failed to pay Plaintiff all the wages owed to him upon termination.  Defendant failed to provide Plaintiff with legally compliant wage statements for the additional reason that the wage statements given to Plaintiff did not state the address of Defendant.

7.   The members of the Class and Aggrieved Employees are identifiable, similarly situated persons who presently work or formerly worked as non-exempt employees for Defendant.  Plaintiff is informed and believes and thereon alleges that more than two thrids of members of the Class are citizens of the state of California.

Defendant

8.   Defendant is a corporation organized under the laws of the state of Florida whose principal place of business is in Lake Buena Vista, Florida.  Defendant operates various entertainment and hospitality facilities in California, including Disneyland Park, Disney California Adventure Park, Disneyland Hotel, Disney's Paradise Pier Hotel, Disney's Grand California Hotel and Downtown Disney.  At all times relevant to this action, Defendant was the employer of Plaintiff, other members of the Class, and other Aggrieved Employees.

9.   Plaintiff is ignorant of the true names, capacity, relationship and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

10.   Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants and/or carried out a joint scheme,

business plan or policy in all respects pertinent hereto, and/or the acts of each defendant are legally attributable to the other defendants.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings his class action claims on behalf of himself and on behalf of all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382.  The members of the Class belong to the Rounding Class, Dressing Time Class, Restitution Class, Wage Statement Class and Terminated Employees Class, defined as follows:

**Rounding Class**:  All persons who, at any time since the date three years before the filing of the complaint, worked for Defendant as a non-exempt employee in California, excluding persons who participated as class members, and were therefore bound by the class action settlement, in the case of Zorio v. Walt Disney Worldwide Services, Inc. et al.

**Dressing Time Class**:  All persons who, at any time since the date three years before the filing of the complaint, worked for Defendant as a non-exempt employee in California, who were required to wear a uniform or costume while on duty, excluding persons who participated as class members, and were therefore bound by the class action settlement, in the case of Zorio v. Walt Disney Worldwide Services, Inc. et al.

**Restitution Class**:  All persons who, at any time since the date four years before the filing of the complaint, worked for Defendant as a non-exempt employee in California, excluding persons who participated as class members, and were therefore bound by the class action settlement, in the case of Zorio v. Walt Disney Worldwide Services, Inc. et al.

**Wage Statement Class**:  All persons who, at any time since the date four years before the filing of the complaint, worked for Defendant as a non-exempt employee in California.

**Terminated Employees Class**:  All persons who worked for Defendant as a non-exempt employee in California, whose employment with Defendant ended at any time since the date three years before the filing of the complaint, excluding persons who participated as class members, and were therefore bound by the class action settlement, in the case of Zorio v. Walt Disney Worldwide Services, Inc. et al.

12.     This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well defined community of interests among many persons who comprise a readily ascertainable class:

a.     The Class members are so numerous that the individual joinder of all of them as named plaintiffs is impracticable.  While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not less than 50 members in

4

COMPLAINT

the Rounding Class, not less than 50 members in the Dressing Time Class, not less than 50 members in the Restitution Class, not less than 50 members in the Wage Statement Class, not less than 50 members in the Terminated Employees Class, and not less than 50 members in the Class.

       b.      Common questions of law and fact exist as to members of the Class and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

              (1)     Did Defendant utilize an uneven rounding system that, over time, resulted in the failure to pay class members all wages owed for all hours worked?

              (2)     Did Defendant fail to pay class members wages for time spent changing into a uniform or costume before the start of a shift?

       c.      Plaintiff is a member of the Rounding Class, Dressing Time Class, Restitution Class, Wage Statement Class, and the Terminated Employees Class, and the claims of Plaintiff are typical of the claims of the other class members who Plaintiff seeks to represent. Plaintiff was formerly employed by Defendant and was subjected to the same unlawful practices as other employees of Defendant. Plaintiff and other members of the Class suffered the same injuries and seek the same relief.

       d.      Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent class members and Plaintiff is represented by attorneys with substantial class action experience in civil litigation and employment law.

       e.      A class action is superior to other available means (if any) for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of litigation would make it difficult or impossible for Class members to seek and obtain relief through individual lawsuits. A class action will serve an important public interest by providing Class members an effective mechanism for redress of violation of their statutory rights.

13.     Plaintiff is presently unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action, but reserves the right to modify his allegations and/or the class definitions based on further investigation, discovery or legal developments.

## FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(By Plaintiff, the Rounding Class and the Dressing Time Class against Defendants)**

14.     Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

15.     At all relevant times, Plaintiff and the other members of the Rounding Class and Dressing Time Class were employees of Defendant covered by Labor Code Section 1197.

16.     Pursuant to Labor Code Section 1197, Plaintiff and the other members of the Rounding Class and Dressing Time Class were entitled to minimum wages for all the time spent in activities that constituted compensable hours worked.

17.     Defendant failed to pay Plaintiff and other members of the Rounding Class and Dressing Time Class all the minimum wages owed to them for all the time they spent in activities that constituted compensable hours worked in accordance with Labor Code Section 1197. Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of utilizing an uneven rounding system and/or not paying wages for time spent changing into a uniform or costume before the start of a shift.

18.     As a result of Defendant's unlawful conduct, Plaintiff and other members of the Rounding Class and Dressing Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the minimum wages owed to them.

19.     Pursuant to Labor Code Section 1194, Plaintiff and other members of the Rounding Class and Dressing Time Class are entitled to recover the full amount of their unpaid minimum wages, interest thereon, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 1194.2, Plaintiff and other members of the Rounding Class and Dressing Time Class are entitled to recover liquidated damages in an amount equal to the amount of unpaid minimum wages and interest thereon.

## SECOND CAUSE OF ACTION

### UNFAIR COMPETITION

#### (By Plaintiff and the Restitution Class against Defendants)

20. Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged herein.

21. The unlawful conduct of Defendant alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200.

22. As a result of Defendant's unfair competition as alleged herein, Plaintiff and other members of the Restitution Class have suffered injury in fact and lost money or property. Plaintiff and members of the Restitution Class have been deprived of their rights to receive payment of all the minimum wages owed to them, and they have not been paid all the minimum wages owed to them.

23. Pursuant to Business and Professions Code Section 17203, Plaintiff and other members of the Restitution Class are entitled to restitution of all wages owed to them under the Labor Code, and interest thereon, in which they had a property interest, which Defendant failed to pay to them but withheld and retained for itself. Restitution of the money owed to Plaintiff and other members of the Restitution Class that Defendant wrongfully withheld and retained by means of engaging in unlawful business practices by failing to pay that money in violation of the Labor Code is necessary to prevent Defendant from becoming unjustly enriched by their failure to comply with the Labor Code.

24. Plaintiff and members of the Restitution Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

### THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

#### (By Plaintiff and the Wage Statement Class against Defendants)

25. Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged herein.

26. At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code Section 226.

27.     Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement showing, *inter alia*, the total amount of gross wages earned during the pay period, the total amount of net wages earned during the pay period, the total number of hours worked during the pay period, and the name and address of their employer.

28.     Defendant failed to provide Plaintiff and other members of the Wage Statement Class accurate itemized statements in accordance with Labor Code Section 226(a).  Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of utilizing an uneven rounding system and/or not paying wages for time spent changing into a uniform or costume before the start of a shift, which resulted in class members not receiving accurate wage statements, and the wage statements provided to class members did not state Defendant's address.

29.     Defendant's failure to provide Plaintiff and other members of the Wage Statement Class with accurate wage statements was knowing and intentional.  Defendant had the ability to provide Plaintiff and other members of the Wage Statement Class with accurate wage statements but intentionally provided wage statements that Defendant knew did not comply with all the requirements of Labor Code Section 226.  Defendant intended and knew that, during the limitations period applicable to this cause of action, Defendant had a policy or practice of utilizing an uneven rounding system and/or not paying wages for time spent changing into a uniform or costume before the start of a shift, and that wage statements did not state Defendant's address.

30.     As a result of Defendant's conduct, Plaintiff and other members of the Wage Statement Class have suffered injury.  From the wage statements provided to them alone, Plaintiff and other members of the Wage Statement Class could not promptly and easily determine the total amount of gross wages actually earned during the pay period, the total amount of net wages actually earned during the pay period, the total number of hours actually worked during the pay period, and/or Defendant's address.

31.     Pursuant to Labor Code Section 226(e), Plaintiff and other members of the Wage Statement Class are entitled to recover fifty dollars for the initial pay period in which a violation of

1   Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section

2   226 in every subsequent pay period, not to an exceed an aggregate civil penalty of four thousand

3   dollars per employee.

4      32. Pursuant to Labor Code Sections 218, 226(e) and 226(g), Plaintiff and other members of

5   the Wage Statement Class are entitled to recover the full amount of civil penalties due under Labor

6   Code Section 226(e), reasonable attorney's fees and costs of suit.

7   **FOURTH CAUSE OF ACTION**

8   **FAILURE TO PAY ALL WAGES OWED UPON TERMINATION**

9   **(By Plaintiff and the Terminated Employees Class against Defendants)**

10      33. Plaintiff incorporates paragraphs 1 through 19 of this complaint as if fully alleged

11   herein.

12      34. At all relevant times, Plaintiff and the other members of the Terminated Employees

13   Class were employees of Defendant covered by Labor Code Sections 201 or 202.

14      35. Pursuant to Labor Code Sections 201 or 202, Plaintiff and the other members of the

15   Terminated Employees Class were entitled upon termination to timely payment of all wages earned

16   and unpaid prior to termination.  Discharged employees were entitled to payment of all wages earned

17   and unpaid prior to discharge immediately upon termination.  Employees who resigned were entitled to

18   payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of

19   resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned

20   and unpaid prior to resignation at the time of resignation.

21      36. Defendant failed to pay Plaintiff and other members of the Terminated Employees Class

22   all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202.

23   Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to

24   this cause of action, Defendant had a policy or practice of utilizing an uneven rounding system and/or

25   not paying wages for time spent changing into a uniform or costume before the start of a shift, which

26   resulted in class members not being paid all the wages owed to them.

27      37. Defendant's failure to pay Plaintiff and other members of the Terminated Employees

28   Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was

9

1  willful.  Defendant had the ability to pay all wages earned by members of the Terminated Employees

2  Class prior to termination but intentionally adopted policies or practices incompatible with the

3  requirements of Labor Code Sections 201 or 202. When Defendant failed to pay upon termination all

4  wages earned by members of the Terminated Employees Class prior to termination, Defendant knew

5  what it was doing and intended to do what it did.

6      38.     Pursuant to Labor Code Section 203, Plaintiff and other members of the Terminated

7  Employees Class are entitled to penalty wages, from the day their earned and unpaid wages were due

8  upon termination until paid, up to a maximum of thirty days.

9      39.     As a result of Defendant's conduct, Plaintiff and the other members of the Terminated

10  Employees Class have suffered damages, in an amount subject to proof, to the extent they were not

11  paid for all wages earned prior to termination in violation of Labor Code Section 201 or 202.

12     40.     As a result of Defendant's conduct, Plaintiff and the other members of the Terminated

13  Employees Class have suffered damages, in an amount subject to proof, to the extent they were not

14  paid for all penalty wages owed to them under Labor Code Section 203.

15     41.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the

16  Terminated Employees Class are entitled to recover the full amount of their unpaid wages, unpaid

17  penalty wages, reasonable attorney's fees and costs of suit.  Plaintiff and other members of the

18  Terminated Employees Class are entitled to recover pre-judgment interest on all due wages and penalty

19  wages under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

20                          **FIFTH CAUSE OF ACTION**

21                      **CIVIL PENALTIES UNDER PAGA**

22              **(By Plaintiff and Aggrieved Employees against Defendants)**

23     42.     Plaintiff incorporates paragraphs 1 through 10 and 14 through 41 of this complaint as if

24  fully alleged herein.

25     43.     Labor Code Sections 2699(a) and (g) authorize an aggrieved employee, on behalf of

26  himself and other current or former employees, to bring a civil action to recover civil penalties

27  pursuant to the procedures specified in Labor Code Section 2699.3.

28

44      Plaintiff has complied with the procedures for bringing suit specified in Labor Code Section 2699.3. By letter dated June 15, 2017, Plaintiff gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to Defendant. A true and correct copy of this letter is attached as Exhibit 1.

45.      Pursuant to Labor Code Sections 2699(a) and (f), Plaintiff and other Aggrieved Employees are entitled to recover civil penalties for Defendant's violations of the Labor Code in the following amounts: for violation of Labor Code Sections 201, 202, 203, 226(a), and 1197, one hundred dollars ($100) for each employee per pay period for the initial violation and two hundred dollars ($200) for each employee per pay period for each subsequent violation [penalty per Labor Code Section 2699(f)(2)].

46.      Pursuant to Labor Code Section 2699(i), 75% of the civil penalties recovered shall be distributed to the LWDA, and 25% shall be distributed to the aggrieved employees.

47.      Pursuant to Labor Code Section 2699(g), Plaintiff is entitled to an award of reasonable attorney's fees and costs in connection with her claims for civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

A.      With respect to Plaintiff's class action claims, an order certifying this case as a class action.

B.      With respect to Plaintiff's class action claims, an order appointing Plaintiff as representative for the Class.

C.      With respect to Plaintiff's class action claims, an order appointing Plaintiff's counsel as counsel for the Class.

D.      Damages for unpaid minimum wages under Labor Code Section 1194.

E.      Liquidated damages under Labor Code Section 1194.2.

F.      Restitution under Business and Professions Code Section 17203.

G.      Civil penalties under Labor Code Section 226(e).

H.      Damages for unpaid wages under Labor Code Section 201 and 202.

I.       Statutory penalties under Labor Code Section 203

J.       Civil penalties under Labor Code Section 2699.

K.       Pre-judgment interest at the maximum legal rate.

L.       Reasonable attorney's fees.

M.       Costs of suit.

N.       Such other relief as the Court may deem just and proper.

Dated: June 15, 2017                   KARASIK LAW FIRM
                                       DAVTYAN PROFESSIONAL LAW CORPORATION

                         By      _____
                                       Gregory N. Karasik
                                       Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for himself and the class on all claims so triable.

Dated: June 15, 2017                   KARASIK LAW FIRM
                                       DAVTYAN PROFESSIONAL LAW CORPORATION

                         By      _____
                                       Gregory N. Karasik
                                       Attorneys for Plaintiff

# EXHIBIT 1



# KARASIK LAW FIRM

11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel (310) 312-6800   Fax (310) 943-2582

June 15, 2017

Labor and Workforce Development Agency
Department of Industrial Relations
Online Filing

Re:    California Labor Code §2699 Notice Letter

Aggrieved Employee: William De Oliveira
Employer:          Walt Disney Parks & Resorts, U.S., Inc.

This letter shall serve as notice under Labor Code Section 2699.3(a)(1) that William De Oliveira alleges that his former employer Walt Disney Parks & Resorts, U.S., Inc. ("Disney") has or had a policy or practice of violating various provisions of the Labor Code, as follows:

1. Disney violates Section 1197 by not paying non-exempt employees all the minimum wages owed to them as a result of uneven rounding practices.

2. Disney violates Section 1197 by not paying non-exempt employees who are required to wear a uniform or costume minimum wages for the time spent changing into their uniform or costume prior to the start of their shift.

3. As a result of the above, Disney violates Section 226(a) by not providing non-exempt employees with accurate wage statements.

4. Disney violates Section 226(a) for the additional reason that the wage statements provided to non-exempt employees do not state Disney's address.

Please advise whether or not the LWDA intends to investigate these allegations.

Very truly yours,

KARASIK LAW FIRM

Gregory N. Karasik

cc:    Walt Disney Parks & Resorts, U.S., Inc. (by certified mail)
       1375 Buena Vista Drive, 4th Floor North
       Lake Buena Vista, FL 32830

# EXHIBIT "B"

## DECLARATION OF MARIBETH N. BISIENERE

I, Maribeth N. Bisienere, declare:

1.      I am a Vice President for Walt Disney Parks and Resorts U.S., Inc. ("WDPR"), which owns and operates the Disneyland Resort in Anaheim, California ("Disneyland"). I support and regularly interact with the executive officers of WDPR, and I have access to the business records of WDPR. The facts contained herein are based upon my personal knowledge, including my review of WDPR's business records relating to these matters, and if called upon to do so, I could and would competently testify to them. I submit this declaration in support of WDPR's notice of removal of civil action.

2.      On June 23, 2017, a copy of the complaint of plaintiff William De Oliveira ("Plaintiff") was personally delivered by an agent for Plaintiff to an agent authorized to receive service of process on behalf of WDPR. A true and correct copy of the summons and complaint served on WDPR in this action are attached to the notice of removal as Exhibit "A." Plaintiff's complaint is the initial and only pleading served on WDPR in this action.

3.      The business records of WDPR show that Plaintiff was employed by WDPR as a Security Officer at Disneyland from April 4, 2007 until June 25, 2016. At all times during his employment, Plaintiff was represented by the Independent Employee Service Association (the "Union"), and his terms and conditions of employment were governed by a collective bargaining agreement ("CBA") between WDPR and the Union. There were two CBAs in effect during the period covered by this lawsuit. The first covered the period from April 1, 2011 to March 31, 2015, and the second covers the period from April 1, 2015 to March 31, 2019. True and correct copies of the CBAs that applied to Plaintiff are

DECLARATION OF MARIBETH N. BISIENERE

LEGAL_US_W # 90720740.1

attached hereto as Exhibits "B-1" and "B-2," and are incorporated herein by this reference.

4.     In his complaint, Plaintiff excludes from the proposed class all individuals in the settlement class in the case entitled: "*Reykeel Zorio v. Walt Disney Worldwide Services, Inc. and Walt Disney Park and Resorts U.S., Inc.*," LASC Case No. BC549292.  The court granted final approval of the class action settlement in the *Zorio* case by order dated February 4, 2016.  A true and correct copy of the court's Order is attached hereto as Exhibit "B-3," and is incorporated herein by this reference.  Based on the declaration submitted by the court-appointed settlement administrator in support of the motion for final approval of the class action settlement in *Zorio,* excluding opt-outs, the settlement class consisted of 5,476 members.  A true and correct copy of the declaration of Amanda J. Myette is attached hereto as Exhibit "B-4," and is incorporated herein by this reference.

5.     Excluding the 5,476 settlement class members in the *Zorio* case, WDPR's business records show that the number of non-exempt employees who work or have worked at Disneyland from June 15, 2013 through the most recent pay period end date is in excess of 30,000.

6.     On and before the date this action was commenced, WDPR was incorporated under the laws of the State of Florida, and WDPR's corporate headquarters, principal corporate offices, and its corporate executive officers and the majority of its employees were located in Lake Buena Vista, Florida.  WDPR's corporate executive officers make or approve all high-level decisions and provide oversight, direction, control and coordination of the business and/or administrative activities of WDPR within the scope of their executive management positions, and

-2-

LEGAL_US_W # 90720740.1

this occurs at and emanates from WDPR's headquarters offices in Lake Buena Vista, Florida.

7.     WDPR's business records show that Plaintiff's home address is located in Anaheim, California, and that at all material times he worked for Disneyland in Orange County, California.

8.     WDPR's business records show that at all material times Plaintiff and class of individuals he seeks to represent were and are paid no less than the applicable California minimum wage, and that Plaintiff was paid a starting hourly wage rate of $9.75 and that his final hourly wage rate was $13.20.

9.     WDPR's business records show that Plaintiff and the class of individuals he seeks to represent were and are paid wages on a weekly basis (i.e., 52 pay periods per year).

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on July 19, 2017, at Lake Buena Vista, Florida.

_____
MARIBETH N. BISIENERE

-3-

DECLARATION OF MARIBETH N. BISIENERE

LEGAL_US_W # 90720740.1