# EXHIBIT "C"

PAUL HASTINGS LLP
STEPHEN L. BERRY (SB# 101576)
stephenberry@paulhastings.com
BLAKE R. BERTAGNA (SB# 273069)
blakebertagna@paulhastings.com
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA 92626-1924
Telephone: 1(714) 668-6200
Facsimile: 1(714) 979-1921

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
07/19/2017 at 10:06:00 AM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| WILLIAM DE OLIVEIRA, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALT DISNEY PARKS & RESORTS, U.S., INC., and DOES 1 through 10,<br><br>Defendant. | CASE NO. 30-2017-00926470-CU-OE-CXC<br><br>Hon. Kim G. Dunning<br>Dept. CX104<br><br>**ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT BY DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.**<br><br>Complaint filed: June 15, 2017<br>Trial Date: None |

TO PLAINTIFF WILLIAM DE OLIVEIRA AND TO HIS ATTORNEYS OF RECORD:

Defendant Walt Disney Parks and Resorts U.S., Inc. ("Defendant"), for itself alone and no other defendant, hereby answers the unverified complaint in this action (the "Complaint") of plaintiff William De Oliveira ("Plaintiff"), as follows:

-1-

1. Pursuant to Section 431.30(d) of the California Civil Procedure Code, Defendant denies, generally and specifically, each and every allegation in Plaintiff's Complaint.

2. Defendant further denies, generally and specifically, that Plaintiff or the class and group of alleged aggrieved employees he seeks to represent are entitled to the relief requested, or that Plaintiff or the class and group of alleged aggrieved employees he seeks to represent have been or will be damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or any of its past or present agents, representatives, or employees.

Without admitting any facts alleged by Plaintiff, Defendant also pleads the following separate and affirmative defenses to the Complaint:

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

1. The Complaint, and each purported cause of action contained therein, is barred in whole or in part by all applicable statutes of limitation, including but not limited to California Civil Procedure Code sections 338 and 340(a); California Labor Code sections 200, *et seq.*; and California Business and Professions Code section 17208.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

2. Because the Complaint alleges a deprivation of rights provided under the collective bargaining agreement ("CBA") that applied to Plaintiff's employment and/or the adjudication of such claims involves the interpretation or application of the CBA, the claims are preempted by section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

3. The Complaint and each purported cause of action contained therein is preempted and barred in that Plaintiff failed to exhaust the exclusive grievance and arbitration procedure under the CBA that applies to the claims asserted in the Complaint.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

4. The Complaint is barred to the extent that any member of the class and group of alleged aggrieved employees Plaintiff purports to represent has released Defendant from the claims asserted in this action.

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

5. Defendant is entitled to an offset in the amount of any settlement payment made to any members of the putative class and group of alleged aggrieved employees, the existence of which is denied, in return for a release of known and unknown claims against Defendant, including as part of a court-approved class action settlement.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

6. The first cause of action for the alleged failure to pay minimum wages is barred against Defendant because Plaintiff and the members of the class and group of alleged aggrieved employees he seeks to represent, the existence of which is expressly denied, were paid for all compensable working time in accordance with applicable law.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

7. The first cause of action for the alleged failure to pay minimum wages is barred, in whole or in part, because some or all of the disputed working time for which Plaintiff and the class and group of alleged aggrieved employees he seeks to represent, the existence of which is expressly denied, claim to be owed wages is not compensable pursuant to the *de minimis* doctrine.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

8. The first cause of action for the alleged failure to pay minimum wages is barred, in whole or in part, because Defendant did not suffer or permit the work to be done and did not have actual or constructive knowledge that any unpaid work was performed.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

9. The second cause of action for alleged unfair competition is barred because (a) California law regarding the conduct in question is too vague to permit the imposition of penalty damages; and (b) restitution damages under California Business and Professions Code sections 17200, *et seq.* deny due process, impinge upon procedural and substantive due process rights, and violate the United States Constitution.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

10. The second cause of action for alleged unfair competition is barred because Plaintiff is not seeking recovery of a quantifiable sum.

ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

11. The third cause of action for damages and/or penalties for the alleged failure to provide accurate wage statements is barred on the grounds that there was no "knowing and intentional failure" on Defendant's part to provide proper itemized earnings statements.

TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

12. The third cause of action for damages and/or penalties for the alleged failure to provide accurate wage statements is barred on the grounds that neither Plaintiff nor the class or group of alleged aggrieved employees he seeks to represent, the existence of which is expressly denied, suffered injury as a result of any alleged violation of California Labor Code section 226.

THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

13. The fourth cause of action for failure to pay wages owed upon termination is barred, in whole or in part, because any failure by Defendant to pay any wages due by a certain time was based on a good-faith belief and/or dispute that no additional wages were owed and no penalties are appropriate under any Labor Code or other statutory or regulatory provision.

FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

14. The fifth cause of action for PAGA penalties is barred because Plaintiff is not an aggrieved employee.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15. Plaintiff's fifth cause of action for PAGA penalties is barred because Plaintiff did not timely exhaust his administrative remedies as required or otherwise failed to comply with all the statutory prerequisites to bringing suit pursuant to PAGA.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

16. Any award of civil penalties that otherwise could be made under PAGA must not be made, or must be made in a lesser amount, because any such award would be unjust, arbitrary and oppressive, or confiscatory. *See* Cal. Lab. Code § 2699(e)(2).

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

17. The Complaint, and each purported cause of action contained therein, is not proper for treatment as a class or representative action because, among other reasons: (a) Plaintiff is not an adequate representative of the purported class or any alleged aggrieved employees, (b) Plaintiff cannot establish commonality of claims, (c) Plaintiff cannot establish typicality of claims, (d) the individualized nature of Plaintiff's claims make class and representative action treatment inappropriate, and (e) any trial on a class or representative basis would be unmanageable.

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

18. Plaintiff's requests for class certification and representative action treatment should be denied because liability, if any, to each member of the proposed class may not be determined by a single fact finder or on a class or group-wide basis, and therefore allowing

this action to proceed as a class action or representative action would violate Defendant's rights to due process and trial by jury.

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

19. Recovery of penalties is barred to the extent that the accumulation of penalties would be so disproportionate to the harm alleged as to violate due process under the Constitutions of the United States and the State of California.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

20. Plaintiff and the members of the class and group of alleged aggrieved employees he seeks to represent, the existence of which is expressly denied, have failed to mitigate or reasonably attempt to mitigate their damages, if any, as required by law.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

21. If Plaintiff or the class and group of alleged aggrieved employees he seeks to represent sustained any loss, injury, damage or detriment as alleged in the Complaint, the loss, injury, damage, or detriment was caused or contributed to by their actions in that they did not exercise ordinary care on their own behalf, and in the performance of their employment at the times and places alleged in the Complaint, and their own actions and omissions proximately caused and contributed to the loss, injury, damage or detriment alleged in the Complaint, and their recovery from Defendant, if any, should be reduced in proportion to the percentage of their negligence or in proportion to their fault.

WHEREFORE, Defendant prays for judgment as follows:

1. That class certification be denied;

2. That Plaintiff's request to maintain this action on a representative basis under PAGA be denied;

3. That Plaintiff take nothing by reason of his Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for Defendant;

4. That Defendant be awarded its reasonable costs and attorneys' fees, including pursuant to California Labor Code section 218.5; and

5. That Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: July 19, 2017          PAUL HASTINGS LLP

By: _____
         STEPHEN L. BERRY

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.